**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

EDWARD ANTONIO MANNAR, a/k/a
Antonio Cummings,
  *Defendant-Appellant.*

⎫
⎬  No. 01-4379
⎭

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-00-4)

Submitted: April 30, 2002

Decided: May 21, 2002

Before WILKINS and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Noell P. Tin, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Brian Lee Whisler, Assistant United States Attorney, C. Nicks Williams, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Edward Antonio Mannar was indicted on two counts of possessing with intent to distribute cocaine and one count of possessing a firearm in relation to a drug transaction. The jury acquitted Mannar of one drug offense and convicted him of the other. The trial judge dismissed the firearm charge. Mannar was sentenced to thirty-seven months imprisonment to be followed by three years of supervised release. Mannar appeals.

Mannar contends, first, that he was entrapped by a government agent to commit the offense. The district court gave the jury an instruction on entrapment, which Mannar does not challenge. His claim is that in view of his entrapment defense, the evidence was insufficient to support his conviction.

This court reviews a jury verdict for sufficiency of the evidence by determining whether there is substantial evidence, viewed in the light most favorable to the government, to support the verdict. *Glasser v. United States*, 315 U.S. 60, 80 (1942). The defense of entrapment consists of two elements: (1) government inducement; and (2) defendant's lack of predisposition to commit the offense. *United States v. Squillacote*, 221 F.3d 542, 564 (4th Cir. 2000), *cert. denied*, 532 U.S. 971 (2001). When the entrapment defense is presented to the jury and rejected, the jury's verdict may not be overturned unless no reasonable juror could have found that the government disproved either element of entrapment beyond a reasonable doubt, viewing the evidence in the light most favorable to the prosecution. *United States v. Jones*, 976 F.2d 176, 180 (4th Cir. 1992).

In this case, the Government produced evidence that undercut at least the element of predisposition. Whether to believe this evidence or accept Mannar's conflicting evidence was a question for the jury.

*United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994). The fact that the jury could not reach a verdict on the first count does not amount to a finding of entrapment; even if it did, it would not preclude a rejection of that defense for the second count. *See United States v. Vaughn*, 80 F.3d 549, 552-53 (D.C. Cir. 1996) (holding that jury finding of entrapment in May and June offenses did not extend to August offense).

Mannar also asserts that the district court erred in allowing testimony from a police officer that attempted to define entrapment. However, we conclude that Officer Ramsey was not attempting to offer a legal definition of entrapment, and that his general, nonspecific language in describing why the officers decided to proceed as they did was not inadmissible. Therefore, we reject this claim as well.

We affirm Mannar's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*